## *Ex parte* Murray.

### Application for Discharge on Habeas Corpus.

1. *License tax on peddlers; agent for non-resident merchant.*—A travelling agent for the sale of "peddler's goods," selling only by sample, carrying his samples in a pack on his back, going on foot from place to place and from house to house, sending his orders to his principal in Atlanta, Georgia, receiving and delivering the goods, collecting and remitting the money to his principal, is not subject to the license tax imposed by statute on peddlers.

Application by petition by one John Murray, for the writ of *habeas corpus*, to procure his discharge from custody under

[Ex parte Murray.]

a criminal charge of peddling without a license.   On a hear-
ing before Hon. THOS. M. ARRINGTON, of the City Court of
Montgomery, the facts being admitted, a discharge was refused;
and hence the application to this court.

A. A. WILEY, and JNO. GINDRAT WINTER, for the petitioner,
cited *Agee v. State*, 83 Ala. 110; *Robbins v. Shelby County*,
120 U. S. 489; *Leloup v. Mobile*, 127 U. S. 640.

PER CURIAM.—The petitioner, having been arrested under
warrant charging him with the offense of peddling without a
license, and having been committed to prison by the magis-
trate, applied to the judge of the City Court of Montgomery
to be discharged on *habeas corpus*.   The judge refused to dis-
charge him, and thereupon he renews his application to this
court.

The agreed facts are: that petitioner, who resides in the
State of Georgia, is the agent and representative of William
Erskine, who deals in what is commonly known as "peddler's
goods," and who resides and is doing business in Atlanta, Ga.
The petitioner's mode of doing business is as follows:   he
goes from place to place, and from house to house, carrying
his samples in a pack on his back, sells by samples, and after-
wards sends his orders to Erskine, who forwards to him goods
to fill the orders; and petitioner delivers the goods in person,
and collects the money therefor, charging a commission.

We are unable to distinguish this case in principle from the
case of the *State v. Agee*, 83 Ala. 110.   In that case, it was
held that the provision of the revenue law imposing a license
tax on "itinerant dealers in fruit-trees, vines or shrubs, or
plants of any kind," so far as it applies to a foreign travelling
agent selling goods by sample for a non-resident individual or
firm doing business in another State, is an attempted regula-
tion of commerce, and unconstitutional.   That case followed
the decision in *Robbins v. Shelby Taxing District*, 120 U. S.
489, which was regarded as binding on this court.   In the case
last referred to, the Supreme Court of the United States de-
cided, that a State statute requiring all drummers soliciting
orders for the sale of goods to pay a tax for such privilege, so
far as it applies to persons soliciting such orders on behalf of
non-resident individuals or firms, is a regulation of commerce
among the States, and violates the provision of the Constitu-
tion which grants to Congress the power to make such regu-
lations.

The writ of *habeas corpus* will be awarded, unless the peti-
tioner is content to renew his application to a court or judge
of primary jurisdiction.