# Keller v. The State.

*Prosecution for Peddling Goods without a License.*

1. *Peddling without license; sufficient description of offense in affidavit.*—An affidavit made for the commencement of a prosecution, which alleges that the defendant "within twelve months before making this affidavit in said county, did peddle [certain articles of merchandise] without a license, * * * in violation of the revenue laws of the State of Alabama, against the peace and dignity of the State," sufficiently designates, under the provisions of the statute, (Code, § 4600), the offense of engaging in and carrying on the business of peddling without a license, (Code, § 5467).

2. *Same; constituents of offense.*—While a single sale without a license of an article of merchandise and nothing more is not sufficient to constitute the offense of engaging in or carrying on the business of peddling without a license, yet, if the single act is coupled with the intent to continue in such acts, and no license has been taken out to authorize peddling, the offense is complete.

3. *Same; when offense shown to have been committed.*—In a prosecution for carrying on the business of peddling without having obtained the license required under the revenue law, it is

[Keller v. The State.]

immaterial that the article or goods being peddled are not owned by the defendant; and when the evidence shows that the defendant accompanied the owner of the goods, who was engaged in the business of peddling and who had not obtained a license as required by law, and that the defendant assisted such owner in carrying his wares and making his sales and received as compensation for his services his expenses, the defendant is guilty as charged.

4. *Same; charge to the jury.*—In a prosecution for peddling without a license, a charge which instructs the jury that before the defendant can be convicted it must be shown that he engaged in the business of peddling "for a livelihood *and* for a profit," without a license, is erroneous and properly refused; since it is sufficient if the defendant peddled without a license for a livelihood *or* for profit.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

The prosecution in this case was commenced by an affidavit made before the judge of the county court of St. Clair county, which affidavit was as follows: "Personally appeared before me A. G. Watson, judge of the county court in and for said county, D. D. Goode, who being duly sworn says on oath that Ike Keller, within twelve months before making this affidavit in said county did peddle laces, notions, spectacles &c., without a license in St. Clair county, in violation of the revenue laws of the State of Alabama, against the peace and dignity of the State of Alabama." The other facts of the case are sufficiently stated in the opinion.

The court in its oral charge instructed the jury, among other things, as follows: "That it was not necessary that the defendant should have owned the goods or have had any interest in them, or that he engaged in the business for a livelihood or profit; that if defendant knew the owner of the goods had no license and defendant went along with the owner and aided and abetted in such sales, Goodman, the owner, being engaged in the business of peddling and agreeing to pay defendant's expenses for such services, then defendant would be guilty as charged, although he assisted and participated with the owner of said goods in but one sale, provided it was defendant's intention to continue to assist in the business; that one sale by the defendant would have consti-

tuted the offense charged provided he had made proposition and intended to continue in the business employed by Goodman to carry the valise for his expenses and that it was not necessary that he should have engaged further than this in the business for a livelihood or profit." The defendant duly excepted to this portion of the court's oral charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe all the evidence, they must find the defendant not guilty." (2.) "Unless the jury believe from the evidence beyond all reasonable doubt that defendant made more than one sale of merchandise, then under the evidence in this case the jury must find the defendant not guilty." (3.) "Before the jury can convict the defendant they must be satisfied from the evidence beyond all reasonable doubt that the defendant did in St. Clair county within twelve months before the commencement of this prosecution engage in or carry on the business of peddling merchandise for a livelihood and for a profit without a license; and unless the jury are so satisfied from the evidence they must find the defendant not guilty." (4.) "If the jury believe from the evidence that all that defendant did toward engaging in or carrying the business of peddling without a license was to go along with Goodman, the man who owned the goods, and that on one occasion he opened up a bundle of goods at the instance of said Goodman and priced or even sold an article of said goods, then the defendant is not guilty and the jury must acquit him."

(5.) "The court charges the jury that one sale of merchandise is not sufficient to constitute an offense of engaging in or carrying on the business of peddling without a license. It is only when there [are] repeated and continuous acts that it can be said the business has been carried on or engaged in; and unless the jury believe from the evidence beyond all reasonable doubt the defendant so engaged in or carried on said business, then the jury must find the defendant not guilty." (6.) "Unless the jury are satisfied from the evidence to a moral certainty and beyond all reasonable doubt that defendant had some interest in the jewelry, eye-glasses, laces

and other goods alleged to have been in the possession and sold by defendant and Goodman on one occasion mentioned by the State witnesses at the house of W. L. Davis, and that defendant engaged in or carried the business of selling such merchandise for a livelihood and for a profit, then the jury must find the defendant not guilty."

M. M. SMITH, for appellant.—It is not shown by the evidence that the defendant was guilty of engaging in or carrying on the business of peddling without a license as required by law. To engage in or carry on any business within the meaning of the revenue laws, is to pursue an occupation or employment as a livelihood, or as a source of profit; and one sale or act is not sufficient to constitute a violation of such revenue law. Hence under the undisputed evidence the circuit court erred in refusing to give the charges numbered 1, 2, 3, 4, 5, and 6 respectively, as requested by the appellant.—*Moore v. State*, 16 Ala. 411; *Harris v. State*, 50 Ala. 127; *Bryant v. State*, 46 Ala. 302; *Martin v. State*, 59 Ala. 34; *Weil v. State*, 52 Ala. 19; *Grant v. State*, 73 Ala. 13; *Lawson v. State*, 55 Ala. 118; *Jackson v. State*, 50 Ala. 141; *Abel v. State*, 90 Ala. 631.

CHAS. G. BROWN, Attorney-General, for the State, cited *Abel v. State*, 90 Ala. 631; *Segars v. State*, 88 Ala. 144.

DOWDELL, J.—The defendant was tried and convicted for a violation of the revenue law—engaging in and carrying on the business of peddling without a license. A violation of the revenue law is by statute made a misdemeanor.—Code, 1896, § 5467.

The prosecution in this case was begun on affidavit and warrant before the judge of the county court. The offense as described in the affidavit was sufficiently designated under the provisions of the statute.—Code, 1896, § 4600.

The defendant having been convicted in the county court appealed to the circuit court, where a complaint was filed by the solicitor under the requirements of and

in compliance with section 4627. There was no objection to this complaint, but the defendant moved to strike the same as being a departure, because, as stated by the defendant, no offense was charged in the affidavit before the county court. This motion was overruled by the court, and of the correctness of the ruling we have no doubt.

While a single act in itself, with nothing more, will not constitute the offense of engaging in and carrying on the business, prohibited by the statute, and for which a license is required to be first taken out, yet if it be coupled with the intent to continue in such acts, the offense is complete.

In carrying on the business of peddling for which a license is required under the revenue law, it is immaterial that the articles or goods being peddled are or are not the property of the defendant. The facts show that one Goodman was travelling through the State from Birmingham to the State of Tennessee, and was engaged in the business of peddling to pay his expenses and make money, not having first obtained a license as required by law, and that the defendant accompanied him carrying his valises, assisting him in making sales, and receiving therefor payment of his, defendant's, expenses. Under these facts the defendant was guilty as charged. The case clearly falls within the influence of the decisions in *Abel v. State*, 90 Ala. 631, and *Segars v. State*, 88 Ala. 144.

That portion of the oral charge of the court excepted to by the defendant was in accord with the views above expressed, and is free from error.

Written charge No. 1 requested by the defendant is the general affirmative charge, instructing the jury upon the whole evidence to acquit the defendant. Upon the law as above stated, and under the evidence introduced on the trial the court properly refused this charge. Written charge No. 3 requested the court to instruct the jury that the defendant must have engaged in the business "for a livelihood and a profit" without a license, before he would be guilty of a violation of the law. This was an incorrect statement of the law. If he engaged in the business without a license, for a livelihood *or for*

profit he would have been guilty. This charge was, therefore, properly refused. The remaining written charges requested by the defendant were opposed to the prin·ciples we have hereinabove expressed as to what is necessary to constitute the offense of engaging in and carrying on the business for which a license is required under the revenue law, and the court committed no error in refusing the same.

The record presents no error, and the judgment must be affirmed.