# Lee *v.* Intendant and Town Council of LaFayette.

### *Violating Municipal Ordinance.*

#### (Decided Dec. 19, 1907.    45 So. Rep. 294.)

*Commerce; Regulations; Licenses.*—A non-resident stove manufacturing concern, having no place of business in this state, soliciting orders through an agent selling by sample, who took the orders and the notes subject to approval of its principal, shipped stoves under approved orders to a temporary warehouse in the town of LaFayette, and afterwards sent an agent who delivered the stoves in the original form to the buyers, from said temporary warehouse. Held, such delivering agent was not subject to a municipal ordinance imposing a license on agents selling stoves, etc., as he was engaged in interstate commerce.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

E. N. S. Lee was convicted of violating an ordinance of the town of LaFayette. From a judgment of conviction, defendant appeals. Reversed and rendered, discharging defendant.

The cause is tried on the following agreed statement of facts: "The Wrought Iron Range Company is a manufacturing concern with its offices located in St. Louis,

Mo., in which city and state it also has a factory in which are manufactured the ranges sold by its traveling salesmen throughout Alabama and other states. Said company has no offices or place of business in the state of Alabama. Said company pays annually to the city of St. Louis and the state of Missouri an ad valorem tax on the greatest amount of ranges on hand at any time during a given year, whether said ranges are used in local or interstate trade. The manner in which said company transacts its business in Alabama is as follows: Agents of said company, known as 'soliciting agents' or 'salesmen,' travel from place to place in Alabama, and by the exhibition or display of sample ranges solicit orders for the future delivery of ranges similar to the sample ranges exhibited or displayed by them. In no event and under no circumstances do said salesmen sell or offer to sell the sample ranges intrusted to them by the company. When orders for the future delivery of ranges are taken by the salesmen, the purchasers giving said orders sign notes payable to the Wrought Iron Range Company for the agreed price of said ranges; said notes containing a condition that they are to be void in case said company refuses to deliver said ranges so ordered within 30 days of the date of said notes. Said notes and orders are turned over by said agents to said company, which proceeds to investigate the credit of the purchasers. If said credit is found to be satisfactory, said company proceeds to fill said orders in the following manner: Agents of said company, known as 'deliverymen,' and paid a stipulated salary by said company for their services, are furnished with a wagon and team by said company for the purpose of making delivery of ranges, orders for which have been previously obtained by said salesmen. Where an order for the future delivery of a range has been obtained from a customer, and said order has been accepted by said company as aforesaid, said

order is turned over to one of said deliverymen, who thereupon takes from a temporary warehouse, conveniently located for the storage of ranges pending their delivery, a range similar in all respects to the sample exhibited or displayed in taking the order, and proceeds to deliver said range to the customer in the original form or packages in which said range was loaded on the cars of the common carriers in St. Louis, Mo., and unloaded and stored in said temporary warehouse. Orders for the future delivery of ranges are sometimes taken by said salesmen before said ranges have been shipped from St. Louis; sometimes while the ranges are in transit from St. Louis to said temporary warehouse; and sometimes after the ranges have been unloaded from the cars of the common carrier and stored in said temporary warehouse in their original packages. In no event and under no circumstances, however, are any ranges sold or offered for sale at said warehouse, nor are any ranges delivered or offered for delivery at said warehouse, nor are any ranges delivered to purchasers, except in the original packages as aforesaid. Said warehouse is always located at some point in the state of Alabama while said salesmen are operating in said state, and is frequently changed from one place to another in order to facilitate the delivery of ranges in the immediate section of the state in which said salesmen may be operating. No ranges are shipped by said company in Alabama for distributing or delivery in other states. On the 9th day of May, 1907, E. N. S. Lee, a citizen of the United States and of the state of Virginia, by using a wagon and team furnished to him by said company for such purpose, delivered a range in the original packages to Y. L. Burton, a citizen of La Fayette, Chambers county, Ala., the order for which had been previously obtained in La Fayette, Ala., by one of said salesmen and accepted by said company. Said range, so delivered, was stored in a tem-

porary warehouse of said company at La Fayette, Ala., in the original package in which it was shipped from St. Louis, at the time said order was taken by said salesman and accepted by said company, and said range was delivered in La Fayette, Ala., in said original package. Neither said company nor said E. N. S. Lee had at the time of said sale or delivery of said range, nor has either of them since that date, paid the license tax required by the ordinance of the town of La Fayette, Ala., which is in words and figures as follows: 'Be it ordained by the intendant and councilmen of the town of La Fayette: It shall be unlawful for any person, firm or corporation to engage in or carry on any business in the town for which a license is required without having paid the clerk the amount required by law and taken out license as herein provided. The price of license shall be as folllowffs: For each sewing machine, clock, stove, or range company, selling sewing machines, clocks, stoves or ranges, either themselves or by their agents, and for each person who engages in the business of selling sewing machines, clocks, stoves or ranges, twenty-five dollars; but merchants engaged in general business who keep said articles as a part of their stock in trade are not required to take out such license. Any person who shall engage in or carry on any business for which a license is required without having first obtained such license shall be fined double the amount of the license.' ". The charter of the town of La Fayette, Ala., as shown in Acts Ala., 880-81, p. 420, is made a part of this statement of facts as fully as if here set out.

HINES & FULLER, and R. B. BARNES, for appellant. The defendant was not liable for the tax imposed by the ordinance, and if so intended, the ordinance is void as an invasion of the commerce clause of the United States

[Lee v. Intendant and Town Council of LaFayette.]

Constitution.—*Stratford v. City Council of Montgomery*, 110 Ala. 619; *Range Co. v. Campen*, 15 N. C. 506.

E. M. OLIVER, for appellee. No brief came to the Reporter.

DENSON, J.—This is a prosecution, instituted by the intendant and councilmen of the town of La Fayette, against the defendant (appellant), for selling ranges without a license and contrary to an ordinance of the town, which requires a license from each sewing machine, clock, stove or range company, selling sewing machines, clocks, stoves or ranges, in the town of La Fayette, etc. The case made by the agreed statement of facts does not differ materially from that of *Stratford v. City Council of Montgomery*, and on the authority of the *Stratford Case*, and cases there cited, it must be held that the circuit court erred in giving the general charge requested by the plaintiff.—*Stratford v. City Council of Montgomery*, 110 Ala. 619, 20 South. 127; *Leisy & Co. v. Hardin*, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128; *French v. State*, 42 Tex. Cr. R. 222, 58 S. W. 1015, 52 L. R. A. 160; *Miller & Co. v. Goodman*, 91 Tex. 41, 40 S. W. 718; *Wrought Iron Range Co. v. Johnson*, 84 Ga. 754, 11 S. E. 233, 8 L. R. A. 273.

The judgment of the circuit court must be reversed, and a judgment will be here rendered discharging the defendant.

Reversed and rendered.

TYSON, C. J., and SIMPSON and ANDERSON. JJ., concur.