# Crum *v.* The Town of Prattville.

## *Violation of Municipal Ordinance.*

(Decided May 20, 1908.   46 South. 750.)

*Commerce; Regulation; License Tax.*—Where a foreign grocery company sold goods through a salesman, or written orders sent to them for their approval, and shipped the goods so ordered in packages to themselves to a certain point, the salesman of the grocery company who was sent by the company to deliver the goods as per order, and collect the money thereon was engaged in interstate commerce and not subject to pay a license or occupation tax.

APPEAL from Autauga Circuit Court.

Heard before Hon. S. L. BREWER.

L. V. Crum was convicted of retailing goods, wares and merchandise without having taken out a municipal license therefor, and he appeals. Reversed and remanded.

HAMILTON & CRUMPTON, for appellant. The powers of a municipal corporation are those granted in express words; those necessarily or fairly to be implied or incident to the powers granted, and those essential to the declared objects and purposes of the corporation.— *Greensboro v. Ehrenreich,* 80 Ala. 579; *New Decatur v. Berry,* 90 Ala. 432; *Smith v. Newbern,* 16 Am. Rep. 766. On these authorities the town of Prattville had no power under its charter to pass the ordinance in question. The ordinance being void, Section 26 of the new charter did not give it validity.—*VanShack v. Robbins,* 36 Ia. 203; *Harris v. Ansonia,* 73 Pond. 265; *Railroad Co. v. Milwaukee,* 12 Kan. 301; *Hart v. Henderson,* 17 Mich.; *Red Wing v. Chicago R. R. Co.* 71 Am. St. Rep. 482. The important inquiry is the intent of the party as to whether or not he was engaged in or carrying on any business,

and this is generally a question for the jury, so that the affirmative charge is improperly given.—*Carter v. The State,* 44 Ala. 28; *Espy v. The State,* 47 Ala. 533; *Hamm v. The State,* 50 Ala. 127; *Grant v. The State,* 73 Ala. 13. The book of ordinances was inproperly admitted in evidence.—Sec. 1822, Code 1896. The defendant was engaged in interstate commerce.—*Lee v. LaFayette,* 45 South. 294; *State v. Agee,* 93 Ala. 110; *Ex parte Murray,* 93 Ala. 78; *Stratford v. City of Montgomery,* 110 Ala. 619; *Leloup v. City of Mobile,* 127 U. S. 640; *Turner v. The State,* 55 S. W. 834.

BALLARD & THOMAS, for appellee. The ordinance was reasonable and valid.—*VanHook v. Selma,* 70 Ala. 361. But if invalid, the legislative ratification of it made it valid and binding.—*Hewlitt v. Camp,* 58 Ala. 449; *State v. Starkey,* 49 Minn. 503; 12 A. & E. Ency of Law, 995; 20 Ib. 1226. The book of ordinances was properly admitted in evidence.—89 Ala. 602; 105 Ala. 170. The defendant is not protected by the interstate commerce law.—*Harrison v. The State,* 91 Ala. 62; *Keith v. The State,* 91 Ala. 2; 22 L. R. A. 155; 25 L. R. A. 810; 30 L. R. A. 396; 39 L. R. A. 484; 155 U. S. 461; 17 A. & E. Ency of Law, 71. The defendant made a sale of the goods not included in the order, and this would constitute the offense.—54 Ala. 587; 123 Ala. 94.

HARALSON, J.—The defendant, L. V. Crum, was arrested on affidavit and warrant, and was tried by the intendant of the town of Prattville, and fined $20, on the charge of carrying on business in said town, without a license, as required under subdivision 2, § 134, of the Code of said town. He appealed to the circuit court, where he was charged on complaint, with "retailing goods, wares, or merchandise, within the corporate lim-

its of said town, without having obtained a license therefor, as provided by the ordinance of said town."

Several questions are presented, on assignments of error, which we deem it unnecessary to consider. The affirmative charge was given for the plaintiff, and a like charge requested for defendant was refused.

The defendant was tried before the intendant, as stated, charged with carrying on business in Prattville without a license as required by ordinance of the town; and in the circuit court, on a charge of retailing goods, wares and merchandise in said town, without a license.

There is no evidence that he did either of the acts with which he is charged, whether before the intendant or the circuit court. He did not sell anything in the town of Prattville or elsewhere in the county of Autauga, nor is it shown that any of the goods referred to were sold in said town; but it does appear that the orders for the goods as made, were effected outside of said town in the county of Autauga. The goods that were sold in that county were sold by salesmen for the Omaha Grocery Company of Nebraska, on written orders procured by them and sent to the company for their approval. If approved, the goods as thus ordered, were shipped in packages by the company, consigned to themselves, at Prattville, and the defendant, who had no interest in the matter, other than as an employe of plaintiff, simply delivered the goods to the purchasers on the payment of the price therefor. In a case, on substantially the same facts as in this case, the Supreme Court of Texas held that the accused was engaged in interstate commerce, and was not subject to conviction for nonpayment of an occupation tax, imposed on traveling salesmen engaged in selling patent or other medicines. To the same effect is our recent case of *Lee v. Intendant of LaFayette,* 153 Ala. 675, 45 South. 294, citing decisions from this and

other jurisdictions, including cases from the Supreme court of the United States; *Asher v. Texas*, 128 U. S. 129, 9 Sup. Ct. 1, 32 L. Ed. 368; *Leloup v. Port of Mobile*, 127 U. S. 640, 8 Sup. Ct. 1380, 32 L. Ed. 311; *Leisy v. Hardin*, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128. The defendant, under the facts disclosed, was not liable for a license tax.

There was error in giving the general charge for the plaintiff, and in refusing a like charge for the defendant.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.