(78 South. 419)

JOHNSTON v. STATE. (4 Div. 554.)

Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. HAWKERS AND PEDDLERS ☞3(1) — "PEDDLER."

A "peddler" is a small retail dealer, who, carrying his merchandise with him, travels from house to house, exposing his goods for sale and selling them; but a single act does not constitute him a peddler unless accompanied with the intent to continue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Peddler.]

2. HAWKERS AND PEDDLERS ☞3(7) — "PEDDLER."

One who goes from place to place soliciting orders by exhibiting samples on condition that the goods are to be delivered by his principal is not a peddler.

3. HAWKERS AND PEDDLERS ☞3(9) — "PEDDLER."

Defendant who drove a tea company's wagon through the country taking orders over a regular route and returning to deliver the goods ordered, the customers not being bound to take the goods which they had ordered, and trips being made every two weeks approximately, was a peddler within Laws 1915, p. 517, § 1, subd. 82, imposing a license tax on peddlers.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

R. H. Johnston was convicted of peddling without a license, and he appeals. Affirmed.

Wm. H. Cook, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. The theory of the state was that the defendant's method of selling his wares was an attempted evasion of the revenue laws of the state. The law abhors dodgers, and will not tolerate subterfuges. In passing on this appeal, this court cannot do better than to quote at length the opinion of the learned judge trying the case, which is here quoted and adopted, as follows:

"He is employed by the Jewel Tea Company, a foreign corporation, upon a salary payable to him weekly. That he drives a wagon owned by them. That he makes regular trips and has

---

regular customers. That he visits each place every two weeks. That on each trip he delivers to his customers, if they desire to receive and pay for, the articles for which he did on his previous trip receive a verbal order. That if the customer states to him that he does not desire the goods which had been ordered, he is not bound to take them. That, if the goods are delivered and paid for, he then and there solicits an order for delivery at the next trip. He makes out an order sheet containing the amount of orders received by him and which he sends to his employer at New Orleans, and the goods are shipped to him at Troy, with which to fill those orders so received. As he goes out on a trip he fills his wagon with packages of goods to fill the orders received on his last trip on that route, and, as he goes and delivers, he likewise solicits and receives orders from the same customers; and so on he goes continuously, with his regular customers receiving orders and delivering goods all at the same time, but the orders are for delivery on the next trip; and on the next trip taking orders for delivery the trip thereafter following."

[1] A "peddler" is a "small retail dealer, who carrying his merchandise with him, travels from house to house,- exposing his goods for sale and selling them." Ballou v. State, 87 Ala. 144, 6 South. 393.

"A single act is not sufficient to constitute the offense; if the single act is accompanied with the intent to continue, it may be sufficient." Keller v. State, 123 Ala. 94, 26 South. 323.

[2] "A person who goes from place to place, soliciting orders by exhibiting samples on condition that the goods are to be delivered to the subscribers by the principal of such salesman, is not a peddler within the meaning of the Code." Ballou v. State, supra.

"A person who goes from place to place carrying samples on his back, selling goods by sample and afterwards sends his orders to his principal, who resides in another state, who forwards the goods to such agent, who then delivers the goods, collects the money, and charges a commission, is not subject to license tax imposed upon peddlers." Ex parte Murray, 93 Ala. 78, 8 South. 868.

[3] I think that it is very evident that the defendant had endeavored to bring his conduct fully within the protection of the foregoing principles of law. I have been unable to find an authority in Alabama where the facts are similar to those here involved; that is to say, where there is a continuous line of customers, visited every two weeks, making deliveries of goods ordered on last trip, and taking orders for the next trip, leaving it optional whether the buyer will take the goods on the next trip. It is very apparent to my mind that it is nothing more nor less than an effort to peddle without license. The whole scheme is for the defendant to sell and deliver his goods from his wagon, and the orders taken each trip for the next trip, with the optional feature to take or not to take with the customer, makes such an order utterly worthless as a basis of sale. The buyer obligates himself to do nothing, only giving a semblance of an order, so that when the wagon comes next trip, if the customer wants the goods, he will have a conditional order in for them. I do not think that such a course of dealing is intended to be protected by the courts, or that such a course of dealing is anything more nor less than engaged in the business of peddling without a license. There is no bona fide order for the purchase of goods to be filled, but only made upon condition that the proposed buyer at the next trip desires to make the purchase. I do not think that the law contemplates such a successive routine of work, and visitations of customers. When a machine exhibited by sample, and an order taken, and that order subsequently filled, that ends the transaction, the course of dealing is then stopped, and nothing in the future is contemplated; but here it is not ended and not intended to be ended, but that same proceeding is gone over every week, or every time the customer desires the goods, upon such repeated visits at the stated times. Without further discussion, will say that I think that the defendant is guilty upon his own testimony.

Subdivision 82, § 1, p. 517, Acts 1915, provides that the license for any peddler with a two-horse wagon shall be $35 per annum, whatever may be sold.

It appears that the defendant was acting as agent for another, and therefore section 9, p. 529, Acts 1915, applies. That section provides that the punishment of an agent shall be a fine in the sum of the state and county license, and $100 in addition thereto.

Section 18 and page 553, Acts 1915, provide that, if any such business shall commence after April 1st in any year, the amount of license shall be one-half the year's license. It is probable that in this case the defendant could not be tried, upon his objection, for the violation of such law two years in the same complaint, for they represent separate and distinct offenses. But this question was expressly waived by the defendant, and he agreed in open court that both may be tried on their merits in the one complaint, and went to trial without objection to the sufficiency of the complaint in any respect, treating the same as the information required by law to be filed by the solicitor on appeal. Therefore, for the first count of the complaint, the defendant should be fined $152.50, and on the second count be fined $126.25, which will be the judgment of the court.

There is no error in the record, and the judgment is affirmed.

Affirmed.