176 So. 820

**CITY OF ROANOKE v. STEWART**
**GROCERY CO.**

5 Div. 254.

Supreme Court of Alabama.

Nov. 11, 1937.

Paul J. Hooton, of Roanoke; for appellant.

D. R. Boyd, of Roanoke, and Lovejoy & Mayer, of La Grange, Ga., for appellee.

KNIGHT, Justice.

The pleading in this cause, bill and cross-bill, may be treated as a proceeding seeking a declaratory judgment as to the validity of a certain municipal ordinance of the city of Roanoke, purporting to levy a license tax upon persons, firms, or corporations maintaining places of business without the city of Roanoke, Ala., who take orders, or receive orders for the sale "of any merchandise, * * * to be delivered within said city and who fill such orders by delivering the merchandise * * * in their own vehicles within said city."

It is the contention of the appellee, Stewart Grocery Company, that the ordinance in question is null and void as to it, by reason of the fact that it is engaged in the wholesale grocery business, with its domicile and only place of business in La Grange, Troup county, Ga.; that in making sales and delivering merchandise to merchants in the city of Roanoke, Ala., it was engaged exclusively in interstate commerce; and that, as to this appellee, the effect of the ordinance was to impose an unwarranted burden upon interstate commerce, forbidden by article 1, section 8, of the Constitution of the United States.

The cause was submitted on bill and answer thereto, and cross-bill.

The court a quo sustained the contention of the Stewart Grocery Company, and held the ordinance null and void as attempted to be applied to said company.

It is averred, in paragraphs 4, 5, and 6 of the bill that the complainant, Stewart Grocery Company, through its agents, solicits "for the sale of merchandise to merchants in the city of Roanoke," Ala.; that orders for merchandise are taken by complainant's agents, the agents calling personally at such merchants' place of business, or by such merchants ordering goods by mail, telephone, or telegraph. All orders received by the agents of complainant are transmitted to its office in the city of La Grange, Ga., and if such orders are accepted and approved, the merchandise is loaded from complainant's place of business in La Grange, Ga., upon trucks or vehicles belonging to complainant, and by employees of complainant delivered to merchants in the city of Roanoke, Ala. That in making such deliveries, complainant's trucks travel from La Grange, Ga, to Roanoke, Ala., traversing the streets of the city of Roanoke to the places of business of the various merchants in Roanoke, for the purpose of delivering the merchandise ordered. That the complainant makes no sales or deliveries of merchandise, except on orders previously obtained; and that it makes no use of the streets of the city of Roanoke, except by its salesmen in taking orders, and by its employees in delivering merchandise as above stated.

The respondent, city of Roanoke, in its answer admitted that the appellee is a corporation organized under the laws of the state of Georgia, and domiciled in Troup county, in said state; and also admitted that the appellee was engaged in the wholesale grocery business in the city of La Grange, Ga., and has no place of business in the city of Roanoke, or in any other place in the state of Alabama.

The answer of the city of Roanoke to paragraphs 4, 5, and 6 appears in the report of the case.

Stripped of recitals which in no way affect the situation or status of appellee, the appellant's answer admits all material allegations of the bill of complaint.

■■ The case made by the bill, and as admitted by the answer, leaves no room to doubt that the appellee, under the prin-

ciples of law applicable to such cases, was and is engaged exclusively in interstate commerce, and as to it the ordinance could have no application. Any attempt on the part of the municipality to levy a tax on the business, as conducted by appellee, would constitute an unwarranted and illegal burden upon interstate commerce, forbidden by article 1, section 8 of the Constitution. The provisions of the ordinance cannot be applied to appellee's business without an invasion of the commerce clause of the Constitution of the United States. The whole purpose of the ordinance was and is to raise revenues. Neither the state nor its municipalities can raise revenue by imposing a tax upon interstate commerce. That field of taxation has been pre-empted by the federal Congress.

To demonstrate the invalidity of the ordinance, as applied to appellee's business, we need only to cite the following authorities: Stratford v. City Council of Montgomery, 110 Ala. 619, 20 So. 127; Lee v. Intendant & Town Council of La Fayette, 153 Ala. 675, 45 So. 294; Crum v. Town of Prattville, 155 Ala. 154, 46 So. 750; McCarter v. City of Florence, 213 Ala. 367, 104 So. 806; Ex parte Murray, 93 Ala. 78, 8 So. 868; State v. Agee, 83 Ala. 110, 3 So. 856; Brown v. Maryland, 12 Wheat. 419, 444, 6 L.Ed. 678; Welton v. Missouri, 91 U.S. 275, 278, 23 L.Ed. 347; Robbins v. Shelby County Tax. Dist., 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694; Brennan v. Titusville, 153 U.S. 289, 14 S.Ct. 829, 38 L.Ed. 719; Ficklen v. Shelby County Tax. Dist., 145 U.S. 1, 12 S.Ct. 810, 36 L. Ed. 601; Asher v. Texas, 128 U.S. 129, 9 S.Ct. 1, 32 L.Ed. 368; Leloup v. Port of Mobile, 127 U.S. 640, 8 S.Ct. 1380, 32 L. Ed. 311; Leisy v. Hardin, 135 U.S. 100, 10 S.Ct. 681, 34 L.Ed. 128; Miller & Co. v. Goodman, 91 Tex. 41, 40 S.W. 718; Wrought Iron Range Co. v. Johnson, 84 Ga. 754, 11 S.E. 233, 8 L.R.A. 273; Dozier v. State of Alabama, 218 U.S. 124, 30 S.Ct. 649, 54 L.Ed. 965, 28 L.R.A.(N.S.) 264; Caldwell v. North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336 and Rearick v. Pennsylvania, 203 U.S. 507, 27 S.Ct. 159, 51 L.Ed. 295.

■ It is also earnestly insisted that the appellee made its own deliveries in the city of Roanoke, using its own trucks or vehicles, operated by its own employees, and, therefore, it, the city of Roanoke, had the right to impose the tax under its police power, apart from its taxing power generally. There is no merit in this contention. The state's police power is not involved.

■ The tax sought to be imposed was for revenue, and neither a state, nor any of its municipalities, has the right to lay a tax on interstate commerce in any form, "whether by way of duties laid on transportation of the subjects of that commerce, or on the receipts derived from that transportation, or on the occupation or business of carrying it on, and the reason is that such taxation is a burden on that commerce, and amounts to a regulation of it, which belongs solely to congress." Leloup v. Port of Mobile, 127 U.S. 640, 8 S.Ct. 1380, 1384, 32 L.Ed. 311; Moran v. New Orleans, 112 U.S. 69, 5 S.Ct. 38, 28 L.Ed. 653; Walling v. Michigan, 116 U.S. 446, 6 S.Ct. 454, 29 L.Ed. 691; Lyng v. Michigan, 135 U.S. 161, 10 S.Ct. 725, 34 L.Ed. 150.

■ It is generally recognized that the right to sell implies the obligation and right to deliver. And certainly it is as much interstate commerce to do the one as the other. The right to sell its merchandise in La Grange, Ga., to merchants in Roanoke, Ala., included the right to make delivery in the latter place, whether the means adopted were railroads, steamboats, autotrucks or wagons. In re Spain (C.C.) 47 F. 208, 14 L.R.A. 97; Lyng v. Michigan, 135 U.S. 161, 10 S.Ct. 725, 34 L.Ed. 150.

It follows therefore that the decree of the circuit court holding the ordinance invaded the commerce clause of the Federal Constitution, as attempted to be applied to the business conducted by the appellee, and, therefore, null and void, is free from error, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.