187 So. 412

**LONG et al. v. SHERRILL TERMINAL CO. et al.**

**3 Div. 283.**

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Jan. 31, 1939.

A. A. Carmichael, Atty. Gen., and Jack Crenshaw, of Montgomery, for appellants.

Leon G. Brooks, of Brewton, for appellees.

ANDERSON, Chief Justice.

The trial court, as applicable to this case, held that the two corporations, the Sherrill Oil Company and the Sherrill Terminal Company, were, in effect, one and the same and which said holding does not seem to be questioned by either side.

The contracts between the company and the respective counties are set out as exhibits and it appears that the Sherrill Companies are both located at Pensacola, Florida, and they agreed to and did supply the Alabama counties here involved gasoline delivered to them in Alabama upon orders sent to Pensacola, either directly or through some agent of the Sherrill Companies. The gasoline, then in Pensacola, was placed in tanks, or other receptacles, and transported by trucks, owned or hired by the seller, and delivered as originally

shipped to the storage tanks of the purchasing counties as per their orders. This was an interstate transaction and the appellee was not subject to the Alabama tax. City of Roanoke v. Stewart Grocery Co., 235 Ala. 23, 176 So. 820; City of Birmingham v. State ex rel. Carmichael, Atty. Gen., 233 Ala. 138, 170 So. 64; Crum v. Town of Prattville, 155 Ala. 154, 46 So. 750.

The cases cited and relied upon by appellants' counsel do not justify the claim that this was an intrastate transaction so as to permit the tax in question. For a discussion of this question and a demonstration of the fact the sale of the gasoline in question was an interstate transaction, we call attention to the very full note to the case of Bingaman v. Golden Eagle Western Lines, 80 L.Ed. 931 (297 U.S. 626, 56 S.Ct. 624).

It does appear that one of the counties procured several small supplies of gasoline through an agent of the respondents, not supplied from Pensacola, but from a storage tank at Century, Florida, but, if it be conceded that this was intrastate, which we do not hold, the trial court found that there was not sufficient evidence or data that would justify the fixation of the tax on these sales.

The decree of the Circuit Court is affirmed.

Affirmed.

THOMAS, BROWN and KNIGHT, JJ., concur.

Upon Rehearing.

PER CURIAM.

Application for rehearing overruled.

All the Justices concur.