200 So. 437

**CITY OF ROANOKE v. ROBERTSON.**

5 Div. 98.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied April 30, 1940.

Paul J. Hooton, of Roanoke, for appellant.

Carmichael, Crenshaw & Simmons, of Opp, amicus curiae in support of appellant.

Daniel R. Boyd, of Roanoke, and Michel Provosty, of New Orleans, La., for appellee.

2

## PER CURIAM.

The City of Roanoke adopted an ordinance as follows: "Each person, firm or corporation representing a person, firm or corporation in this state or any other state in the United States, or who is broker for business conducted in this state or any other State of the United States, whether carrying a stock or not, from either a warehouse, box car or any place of storage, or who takes orders for merchandise and distributes the same by wagon, truck or otherwise to market, or has consigned or shipped to himself or themselves and distributes by wagon, truck or other means from warehouses, box cars, or other places of storage in the City of Roanoke, Alabama, per year..........$25.00."

The defendant sold and delivered coffee to purchasers within the city limits of Roanoke without having paid the license as required by the ordinance above set out.

■■ The law of the case seems to be well settled. (1) Municipalities are empowered to impose license for any business, trade, or profession done within its police jurisdiction. Michie's Code 1928, Sections 2152(1) and 2154. (2) Neither municipalities in a State, nor the State itself, have a right to lay a tax on interstate commerce in any form, whether by way of duties laid on transportation of the subjects of that commerce, or on the receipts derived from that transportation, or on the occupation or business of carrying it on, and the reason is that such taxation is a burden on that commerce, and amounts to a regulation of it, which belongs solely to Congress. City of Roanoke v. Stewart Grocery Co., 235 Ala. 23, 176 So. 820. (3) If the dealings of the defendant with his customers in Roanoke are intrastate transactions, he is not protected by the interstate commerce clause of the Federal Constitution, U.S.C.A.Const. art. 1, § 8, cl. 3. So, as we see it, the sole question in this case resolves itself into a finding of facts, and an application of those facts to the law.

As we find them, the facts are: that the Standard Coffee Company is a firm doing business in the State of Louisiana; the defendant was, as to the transaction here involved, the agent of the Standard Coffee Company. As such agent, defendant went within the police jurisdiction of the City of Roanoke soliciting orders for the sale of coffee and other merchandise. In making a sale to the customers, defendant took a written order for so much coffee and a continuing order of so much coffee per every two weeks. At the end of a trip the defendant would send his order to the Standard Coffee Company in New Orleans, La., and that Company would ship to the defendant, at La Grange, Georgia, the merchandise so ordered. The defendant would "pick it up" at La Grange, Ga., in a truck and deliver it to the purchasers in Roanoke, Ala., collecting the money therefor; and, at the same time, asking how much merchandise the customers would want the next two weeks on the "open order", which had heretofore been given to them, and whatever amount the customer said they wanted the defendant would note, and at the end of the two weeks he would return delivering that purchase.

At the time of the first order, the customer was given to sign an order as follows:

"Coffee Customer's Account Sheet

Mrs. _____

Address _____

Moved To _____

Uses _____ Lbs. Per Trip

_____ Date Copied ____

_____

_____

| Date | Articles | Sale Price | X Bal. | Cash Bal. | Amt. Paid | Sales- man. |
|------|----------|-----------|--------|-----------|-----------|-------------|
|      | Coffee   |           |        |           |           |             |
|      | Coffee   |           |        |           |           |             |
|      | Coffee   |           |        |           |           |             |
|      | Coffee   |           |        |           |           |             |
|      | Coffee   |           |        |           |           |             |
|      | Coffee   |           |        |           |           |             |
|      |          |           |        |           |           |             |

Don't remove this sheet from book under any conditions. When this sheet is

filled carry balances forward to new sheet. Mark the old sheet 'Copied' and leave it in the book.

Standard Coffee Company, Inc."

On back of "Coffee Customer's Account Sheet":

"Always have customer sign for premium delivered.

Date _____

Received one _____

I agree to purchase in my home two (2) pounds of coffee every two (2) weeks and/or other groceries, carrying at least three (3) coupons, each two (2) weeks.

Until I have saved _____ ( ) coupons.

_____

Signed.

Husband's Occupation.

_____

Name and address of two relatives

_____
_____
_____
_____

Transfer:

From _____ . Branch.
To _____ Branch.
Street and Number Sure.

Form 300"

In connection with this "open order", the defendant would deliver a card that had a calendar on the other side to keep an account of coupons, and each time he marked on it the number of coupons to which customers were entitled, and the customers kept the card and each time a purchase was made they got credit for so many coupons calling for "certain prizes."

At the time the defendant would solicit orders, he would tell his prospective customers if they would trade so much, he would give them a "Premium" as indicated, and the coupon entitled them to the "Premium". The company carried several other articles of merchandise in addition to the coffee mentioned in the signed order.

We are of the opinion that the facts in this case are not dissimilar from the facts in the case of Johnston v. State, 16 Ala.App. 425, 78 So. 419; and Curry et al. v. Feld, 238 Ala. 255, 190 So. 88. On the authority of these two cases, we hold that the facts in the instant case disclose intrastate transactions, and that the defendant was liable for the license as fixed by the City of Roanoke.

There are many authorities on this question presenting shades of differences caused by efforts on the part of persons to evade local levies of licenses and taxes, but we prefer to rest our decisions on the two cases hereinabove cited.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.