# The State *v.* Agee.

*Prosecution for Violation of Revenue Law.*

1. *Appeal by State.*—An appeal is now given to the State, in criminal cases, when the record shows that the trial court held the statute, under which the indictment was found, to be unconstitutional (Code of 1886, § 4515); and this may be shown by a bill of exceptions reserved to a charge given.

2. *License tax on "itinerant dealers in fruit trees, vines," etc., constitutionality of.*—Under the decisions of the Supreme Court of the United States (*Robbins v. Shelby County Taxing District*, 120 U. S. 489; *Carson v. Maryland, Ib.* 502), which are conclusive on this court, the provision of the revenue law approved December 11th, 1886, which imposes a license tax on "itinerant dealers in fruit trees, vines," &c. (Sess. Acts 1886–7, p. 36, § 5, subd. 10), so far as it applies to a foreign drummer, or travelling agent, selling goods only by sample for his principal, who resides in another State, is an attempted regulation of commerce between the States, and is therefore unconstitutional.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case was prosecuted in the County Court, by complaint and warrant of arrest, on the charge that he "did, after the 15th January, 1888, engage in, or carry on the business of an itinerant dealer in fruit trees, vines, shrubs or plants, without first having paid and taken

out the license required by law for carrying on said business." In that court he was found guilty as charged, and took an appeal to the City Court. On the trial in that court, it was admitted, as the bill of exceptions states, "that the defendant, after the 15th January, 1888, and before the commencement of this prosecution, sold and offered for sale, in said county of Montgomery, a large number of fruit trees; that said sales were made only by sample, picture-books and cards, and by exhibited fruit from trees of similar kind; that he travelled about the county in making sales, and acted only as the agent and drummer of and for Franklin, Davis & Co., a partnership doing business in the city of Richmond, Virginia, where also all the partners resided and were citizens; that the defendant had no interest in or title to the trees sold, but sent the orders of purchasers by mail to said Franklin, Davis & Co., at Richmond, by whom the orders were filled, and the trees shipped to defendant for delivery, where the purchases were small, and in some instances to the purchasers;" and that the defendant had never obtained a license for selling fruit trees, &c. On these facts, the court charged the jury, on request of the defendant, "that the statute under which this prosecution is brought is unconstitutional, as being a regulation of commerce between the States; and that they must find the defendant not guilty, if they believed the evidence." To this charge an exception was reserved by the solicitor, in the name of the State.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SAYRE, STRINGFELLOW & LEGRAND, contra.

SOMERVILLE, J.—The defendant was prosecuted and found guilty of carrying on the business of an "itinerant dealer in fruit trees, vines, shrubs or plants," without a license, after the act of January 15th, 1887, which exacts a license of fifty dollars from dealers of this class.—Acts 1886-87, p. 36, § 5, sub-div. 10. The City Court decided the act to be unconstitutional, as an attempted regulation of commerce between the States.

The present appeal is taken by the State under the provisions of section 4515 of the Code of 1886, which reads as follows: "In all criminal cases, when the act of the legislature under which the indictment is found, is held to be *unconstitutional*, the solicitor may take an appeal, on behalf of

the State, to the Supreme Court, which appeal shall be certified as other appeals in criminal cases."

This is a change of the statute as it existed before the new Code, under the act approved December 8th, 1880, which provided that the constitutionality of a statute, under which an indictment is found, could be raised only by *demurrer* to the indictment, and that the State might take an appeal in case the act was held unconstitutional by ruling of the court on such demurrer. Acts 1880–1, p. 65; *The State v. Bauerman*, 72 Ala. 252. The present statute is broader than that act, and confers upon the State the right of appeal in all criminal cases, where the record affirmatively shows that the trial court held the statute, under which the indictment was found, to be unconstitutional.

This case, on its merits, is in every respect similar to *Robbins v. Shelby County Taxing District*, 120 U. S. 489, decided by the United States Supreme Court in March, 1887. It was there held that a foreign drummer, or travelling agent of a mercantile firm in the State of Ohio, who sold goods only by sample in the State of Tennessee, could not be lawfully subjected to license in the latter State, as a condition to the exercise of his vocation of soliciting the sale of goods. A law of Tennessee, exacting such license, was held to be unconstitutional, as applied to persons who were itinerant drummers selling goods only by sample for non-resident merchants. The doctrine of that case was adhered to in *Corson v. Maryland*, 120 U. S. 502.

The Alabama statute under consideration is subject to precisely the same objection as the Tennessee law, which was declared void in the *Robbins case.*

Whatever may be our views as to the soundness of this decision, it involves a judicial construction by the Supreme Court of the United States, of a clause of the Federal Constitution, and it is, therefore, binding on this court; and we for this reason adhere to it as conclusive of the present case. *Pollard v. Zuber*, 65 Ala, 628; *Green v. State*, 75 Ala. 26.

Judgment affirmed.