# City of Mobile *v.* Phillips.

### *Suit to Enforce License Ordinance.*

(Decided April 11, 1906.   40 So. Rep. 826.)

1. *Intoxicating Liquors; License.*—The provision of the charter of
   the City of Mobile (Acts 1901, p. 2374) Sec. 43, that but one
   license shall be required for partners trading, or business
   done under firm name, merely authorizes license to partner-
   ships, and does not operate to exempt one from license as a
   wholesale beer dealer, who has procured license as a retail
   beer dealer.

2. *Commerce; Original Packages; Sale of Beer by Barrel.*—It is not
   a contravention of the commerce clause of the constitution of
   the United States to require by ordinance a license to sell beer
   by the barrel, half barrel and quarter barrel, when such busi-
   ness is conducted by a resident of the city, although the beer
   is shipped in from out the state and sold in its original pack-
   ages.

APPEAL from Mobile City Court.

Heard before HON. O. J. SEMMES.

The cause was tried upon the following agreed state-
ment of facts: "That the pamphlet attached hereto as
exhibit A is a true copy of the ordinance adopted by the
mayor and general council of the city of Mobile, and

that said ordinance, and particularly subdivision or subsection 28 thereof, is the ordinance, or part of ordinance, for an alleged violation of which this prosecution was instituted. That said exhibit hereto is to be considered as having been proven by competent evidence. That the defendant herein is an individual who resides in Mobile Ala., and that he is engaged in the business of being a retail beer dealer, for which, under the exhibit hereto, he has paid the amount of his license as required by said ordinance for and during the fiscal year beginning March 15, 1904, and ending March 14, 1905. That, said payment having been made, a license therefor was duly issued by the proper authorities of the city of Mobile, authorizing the defendant to carry on the business of retail beer dealer during said time. That the defendant, in addition to his other liquor business carried on under the authority of said paid license under said ordinance, has likewise, but at the same place and with the same employes, before the institution of this prosecution in the recorder's court, and since March 15, 1904, been engaged in the business of buying and selling beer in kegs, but only under the following circumstances: That the defendant would, by letter or telegram sent from Mobile, Ala., order from a brewery or breweries owned and conducted by residents and citizens of states other than Alabama certain large quantities of lager beer, which pursuant to said orders would be shipped by continuous interstate transportation by said nonresidents to the defendant at Mobile in kegs, which kegs were, without other packing, loaded into railroad freight box cars and transported by the railroad company from said breweries in other states to the defendant at Mobile, Ala. That said purchases by the defendant were outright, and that the defendant by and through said purchases became the owner of said lager beer, to do with as he pleased. That he paid for it usually after its arrival, but never until a bill of lading for each such shipment so paid for had been received by the defendant at Mobile. That the packages in which said beer came were invariably kegs of the usual, ordinary, and customary commercial sizes in which the same is packed for sale and shipment, and that

in such usual, commercial, original packages the same was taken from the car upon arrival at Mobile, Ala., and stored in the storehouse or warehouse of the defendant in the city of Mobile until sold by the defendant. That the defendant made sales of said kegs, in quantities of one or more, to his various customers in and about the city of Mobile and the vicinity thereof, and that such sales were made in contemplation by the defendant of deliveries by the defendant in said kegs as original packages, and that the deliveries were thereafter made by delivery wagons owned and operated by the defendant in the city of Mobile to such customers in such original packages. That from the time of the packing and shipping of said beer at the breweries in other states than Alabama, until after sale and delivery thereof by the defendant to his customers in the city of Mobile and the vicinity thereof, none of said kegs, as original packages, ever became broken or open; but the delivery by the defendant to his customers of said beer was always in the same original, usual, commercial packages in which the same were packed and shipment from the breweries in said foreign states. That each and all of the kegs herein mentioned contained more than one quart of beer. That this mode of business had been conducted by the defendant since March 15, 1904, and still continues, and that, except as hereinbefore stipulated, the defendant, neither as a brewery, person, firm, corporation, dealer, brewer, brewery agent, or handler, has ever sold beer by the barrel, half barrel, or quarter barrel in the city of Mobile since Mach 15, 1904. That nearly 50 per cent. of all the offenses against the ordinances of the city of Mobile ordained to secure peace and order are brought about by the use of intoxicating liquors. Neither the license sued for nor the fine assessed by the recorder have been paid." This was a suit by the city of Mobile to recover of the defendant, appellee here, the sum of $15 as a penalty for the violation of the license ordinance of the city of Mobile. The ordinance alleged to have been violated is subdivision 28 of section 2 of the license ordinance of 1904 for the city of Mobile, which is as fol-

lows: "28. Breweries, each person, firm, corporation, dealer, brewer, brewery agent, or handler for a brewery, selling beer by the barrel, half barrel or quarter barrel (this clause not to include license for wholesale or retail vinous or spirituous liquors) $200."

B. B. BOONE, for appellant.—The court erred in giving the general affirmative charge for the appellee. The construction placed upon the federal constitution by the U. S. supreme court is conclusive upon this court.— *Stratford v. City Council of Montgomery,* 110 Ala. At page 619. The case of *Kehrer v. Stewart,* 197 U. S. 60, is conclusive upon the constitutional point (original package) raised by appellee.

FITTS & STOUTZ, for appellee.—The tax demanded of defendant is an unlawful attempt to tax interstate commerce.—*Lyng v. Michigan,* 135 U. S. 166; *Leisy v. Hardin,* 135 U. S. 100; *Austin v. Tennessee,* 179 U. S. 363-4; *N. & W. R. R. v. Sims,* 191 U. S. 449-50; *Keith v. State,* 91 Ala. 2; *Brown v. Maryland,* 12 Wheaton 419; *Com. v. Schollenberger,* 171 U. S. 1; *McGregor v. Cone,* 65 Am. St. Rep. 527 (Iowa); *Austin v. State,* 70 Am. St. Rep. 710 (Tenn.).

The test is original package and that only.—*Brown v. Maryland,* 12 Wheaton, 441; *Leisy v. Hardin,* 135 U. S. 100; *Schollenberger v. Penn.,* 171 U. S. 22; *McGregor v. Combs,* 65 Am. St. Rep. 527.

WEAKLEY, J.—The appellee was engaged in the business of a retail beer dealer in Mobile, and had taken out his license as such retail dealer for 1904. This prosecution was instituted against him for a violation of the license ordinance of said city, in that he had sold beer by the barrel without first taking out a license from the city to carry on such business, for which, by another section of the ordinance, a license was required.

It is contended for appellee that section 43 of the charter of Mobile (Acts 1901, p. 2347 et seq.) operates to exempt him from taking out a license for selling beer by the barrel, etc., because he had already obtained a license as a retail beer dealer. We think there is no

f 11

merit in this contention. The section of the charter relied on provided "that not more than one license under this act shall be assessed against or collected from partners trading or business done under a firm name." Appellee was enjoying two separate privileges, and, unless some other valid reason may be found to exempt him, should procure a license for each. The section quoted was intended merely to authorize a partnership or firm business, in which several persons are interested, to be conducted upon payment of one license.

The other question for consideration is whether, under the facts agreed on, the license tax is a regulation of or imposition upon interstate commerce, and invalid under the commerce clause of the constitution of the United States, and upon this question the decisions of the supreme court of the United States are paramount authority. We do not deem it necessary to review the decisions of that court upon the question involved, or similar questions, nor will we undertake to analyze or harmonize them. The comparatively recent cases of *Am. Steel & Wire Co. v. Speed*, 192 U. S. 520, 24 Sup. Ct. 365, 48 L. Ed. 538; and *Kehrer v. Stewart*, 197 U. S. 60, 25 Sup. Ct. 403, 49 L. Ed. 663, in each of which the court was unanimous, have led to a clearer understanding of the true distinction between the cases, and will enable other courts with more accuracy to determine whether, under a givin state of facts, there has or has not been imposed by the state or a municipal subdivision thereof an unconstitutional imposition or burden upon interstate commerce. It must be held upon the authority of *Kehrer v. Stewart, supra,* and the authorities therein cited, that appellee was carrying on an independent domestic business, for which the city of Mobile had the right to require the pre-payment of a license tax. Indeed, this is a stronger case for the city than the one just cited. Our own cases of *State v. Agee,* 83 Ala. 110, 3 South. 856; *Keith v. State,* 91 Ala. 2, 8 South. 353, 10 L. R. A. 430; and *Stratford v. City Council of Montgomery,* 110 Ala. 619, 20 South. 127, which were rested upon decisions of the supreme court of the United States referred to in the opinions, are not similar to this, nor in conflict with the conclusion here reached. If they are

[Ware, *et al.* v. Mobile County.]

read in connection with the two leading cases first above cited, the lines of demarcation will be apparent.

The city court erred in giving the affirmative charge for appellee. It should have been given for the city of Mobile.

Reversed and remanded.

TYSON, SIMPSON, and ANDERSON, JJ., concur.