(80 South. 106)

BENSON HARDWARE CO. et al. v. ROBERTS et al. (4 Div. 794.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. FRAUDULENT CONVEYANCES &#8276;52(1)—CONVEYANCE OF HOMESTEAD.

As creditor is not defrauded by his debtor's conveyance of property which creditor has no right to appropriate to payment of his debts, a father's conveyance of his exempt homestead to his minor son does not entitle creditors to complain, though the conveyance was made through another acting as conduit of title.

2. FRAUDULENT CONVEYANCES &#8276;299(6)—EVIDENCE.

Where a debtor conveyed his exempt homestead to his brother and the brother conveyed the same to the debtor's minor son, evidence *held* insufficient to warrant a finding that the debtor furnished the consideration for conveyance to his son assuming the ostensible sale to the brother was bona fide.

3. APPEAL AND ERROR &#8276;878(1)—NECESSITY OF APPEAL.

That part of the decree adverse to appellees who did not appeal cannot be reviewed.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by the Benson Hardware Company and others against D. R. Roberts and others. From the decree which denied part of the relief sought, complainants appeal. Affirmed.

Baldwin & Murphy, of Andalusia, for appellants.

A. R. Powell, of Andalusia, for appellees.

SAYRE, J. This is a bill by judgment creditors of D. R. Roberts to reach property held by O. L. Roberts, his son. The theory of the amended bill is that D. R. Roberts, in fraud of his creditors, furnished the means with which O. L. Roberts purchased the property in question. As to one 40-acre tract, complainants (appellants) had relief in the decree rendered on the equity side of the circuit court. By this appeal complainants insist that a tract of 120 acres also should be condemned to the payment of their judgments. Defendant D. R. Roberts owned this last-mentioned land at the time of the recovery of complainants' several judgments. It was his homestead, and in respect of area and value was well within the homestead exemption allowed by the Constitution and laws of the state. He conveyed it to his brother, J. G. Roberts, who some time afterwards conveyed it to defendant O. L. Roberts. Complainants make no avowed attack upon the conveyances—there were two of them, conveying separate parts of the tract—to J. G. Roberts; rather, the amended bill avoids all reference to them, and attempts

to work out complainants' right to relief as against this tract on the theory stated above. But the title passing in this way through J. G. Roberts is not to be thus ignored. We are satisfied upon the evidence that, if there was any chicane in the related transactions under review, it consisted in this: That the conveyances to J. G. Roberts were made on simulated considerations and with a view to putting the title ultimately in O. L. Roberts; that is, he consented to serve as a mere conduit through which the title passed from D. R. to O. L. Roberts. The evidence is wholly insufficient to prove that the creditors of D. R. Roberts lost anything by the transaction in which this property passed from J. G. to O. L. Roberts. D. R. Roberts had nothing with which to purchase the property. The only transaction affecting the title to property in any sense available in satisfaction of complainants' judgments was that in which defendant D. R. Roberts conveyed the property to J. G. Roberts, his brother, who is not made a party to this bill. As we have indicated, the bill does not attack that transaction, and, if it did, could avail complainants nothing, for at that time and at the time this bill was filed the land in question was occupied as a homestead by debtor Roberts.

[1, 2] In legal contemplation, no creditor is defrauded by his debtor's conveyance of property which a creditor has no right to appropriate to the payment of his debt. Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308. Assuming that J. G. Roberts served as a mere conduit of title, the transactions referred to came to this: That an insolvent debtor voluntarily conveyed his homestead to his minor son. To such transaction the doctrine of the Kennedy Case applies in full vigor; nor, we apprehend, does it make any difference that for a time between the two dates, that is, between the conveyance to J. G. Roberts and the filing of this bill, defendant D. R. Roberts did not reside upon the property, for, all along, according to any reasonable interpretation of the evidence that would respond at all to complainants' theory of the facts, the land in question was the property of the defendant D. R. Roberts, and at those two dates was occupied by him as a homestead. If, however, agreeably with what seems to be the theory of complainants' bill, it should be held that the sale to J. G. Roberts was a bona fide transaction, we find in the evidence no sufficient warrant for holding that the price paid for its subsequent conveyance to O. L. Roberts was furnished by the defendant D. R. Roberts. There is hardly more against the transaction, thus viewed, than the suspicion somewhat naturally arising out of the relation of the parties. If the sale to J. G. Roberts was

a bona fide transaction, the burden of proving that D. R. Roberts furnished the money to buy the land back for O. L. rests upon the complainants. The proof is that, while O. L. was a minor, he was perhaps better able to pay than his father, who had received his price largely in cancellation of some of his debts, and, at any rate, that at least two-thirds of the purchase price of $1,500 was paid by L. P. Roberts long after the bill was filed.

[3] The transaction involving the 40-acre tract, as to which complainants had relief, stands upon an entirely different footing. That land was purchased from a stranger to the Roberts family; it never was a part of the homestead. Appellees complain in their brief that the decree as to that was wrong; but there is no appeal raising that question, and, of course, it cannot be considered.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.