147 So. 603

## FORD MOTOR CO. v. HALL AUTO CO.
## SAME v. REID MOTOR CO.
### 6 Div. 227, 228.

Supreme Court of Alabama.
March 30, 1933.

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellees.

THOMAS, Justice.

It was agreed that one record on appeal would cover the entire proceedings in both cases, and that it would not be necessary to certify separate records. The cases therefore will be so considered in this court upon the "separate and several assignments of error, separately and severally," etc.

The separate and several respective grounds of demurrer directed to count 6 of the complaint as amended by appellees Hall Auto Company and Reid Motor Company were overruled. This action is assigned as respective error by the Ford Motor Company.

That count (count 6) claimed damages under section 9899 of the Code for the sale of stock in the Redmont Motor Company to the appellees in violation of the statute.

In the Hall and Reid cases, the returns show that service was executed on Ford Motor Company, a corporation, "by leaving a copy of within with J. H. Wood, Jr., as agent of said company," on October 28, 1931. And on November 20, 1931, the appellant appeared specially and "for no other purpose," respectively filed pleas in abatement to the jurisdiction. Rhode Island Ins. Co. y. Hol-

ley (Ala. Sup.) 146 So. 817.[1] The cases were set for trial on April 13, 1932, and on that day appellees made motions to strike the pleas in abatement, and the same were overruled. Whereupon appellees filed demurrers to said pleas, which were sustained, and appellant amended its pleas in abatement, and the refiled demurrers were overruled.

The appellees filed special replications to the amended pleas in abatement, appellant demurred thereto, which demurrers were sustained, and the parties joined issue on the special pleas in abatement, and, after hearing the evidence on said pleas, the court rendered judgments thereon in favor of the plaintiffs and against the defendant. This action of the court is assigned as error.

After the court had decided the pleas in abatement for appellees and against Ford Motor Company, count 6 was amended by a count designated as 1 (see pages 12 and 33 of the record), demurrers being overruled to count 6 as thus amended; and the pleadings on the merits were in short by consent. The court entered judgments against appellant in each case; hence the motions for new trials, the overrulings thereof, and the appeals.

The ruling on a plea in abatement is of primary importance, presenting as it does the question of jurisdiction which must be disposed of before other procedure can be required of such defendant, duly limiting his appearance. Rhode Island Ins. Co. v. Holley, supra, and authorities; Ex parte Tucker, 208 Ala. 428, 94 So. 276; Steele v. Booker, 205 Ala. 210, 87 So. 203; Walker v. Adler, 216 Ala. 76, 112 So. 458; Code, § 9517. In the instant case the appearance was special, and no question of a waiver may be maintained. It has been established, that a foreign corporation is subject to suit within the state only if it is doing business within the jurisdiction in such manner and to such extent as that its actual corporate presence there, where process is served, is established. St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 155, 138 So. 834; Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4. That is to say: "To sustain an action against a nonresident in the state court, (1) *the court must have jurisdiction of the subject-matter of the suit, and* (2) *the person, acquired by service of process authorized by the statutes of the state, and consistent with due process under the Fourteenth Amendment of the Federal Constitution.* And as a general rule, a nonresident, whether an individual or a corporation, is suable in the state courts upon a cause of action arising within the jurisdiction of the state, if service of process efficacious to give jurisdiction of the person can be perfected. Equitable Life Assurance Society v. Vogel's Ex'x, 76 Ala. 441, 52 Am. Rep. 344; Wey-

mouth v. Washington, Georgetown & Alexandria R. Co., 1 MacArthur (8 D. C.) 19; 14a C. J. 1383, § 4099." (Italics and numbers supplied.) St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 155, 138 So. 834, 836. And the test employed in Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710, to the effect that "a foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state, the process will be valid only if served upon some authorized agent. * * * Whether the corporation was doing business within the state, and whether the person served was an authorized agent, are questions vital to the jurisdiction of the court," was approved in Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 223, 113 So. 4. Other federal authorities on this inquiry are Bank of America v. Whitney Central National Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; People's Tobacco Company v. American Tobacco Company, 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Louisville & Nashville Railroad Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711; Riverside & Dan River Cotton Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910; Rosenberg Brothers & Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; 14a C. J. p. 1372, § 4079.

It is recognized that the federal authorities are controlling on questions entering into the inquiry and ascertainment of the facts (1) of doing business, and (2) of authorized agency on which process must be served, or (3) those of due process, equal protection, and interstate commerce. State v. Agee, 83 Ala. 110, 3 So. 856; Stratford v. City Council of Montgomery, 110 Ala. 619, 20 So. 127; Beard v. Union & American Publishing Co., 71 Ala. 60; Ware v. Hamilton Brown Shoe Co., 92 Ala. 145, 9 So. 136; Hurst v. Fitz Water Wheel Co., 197 Ala. 10, 72 So. 314; Vandiver v. American Can Co., 190 Ala. 352, 67 So. 299; Leverett v. Garland Co., 206 Ala. 556, 90 So. 343; Lee v. Intendant and Town Council of LaFayette, 153 Ala. 675, 45 So. 294; Crum v. Town of Prattville, 155 Ala. 154, 46 So. 750; 60 A. L. R. 997 note; 60 A. L. R. p. 1021 note; City of Mobile v. Phillips, 146 Ala. 158, 40 So. 826, 121 Am. St. Rep. 17; York Manufacturing Co. v. Colley, 247 U. S. 21, 38 S. Ct. 430, 63 L. Ed. 963, 11 A. L. R. 611; Chipman v. Thomas B. Jeffery Co., 251 U. S. 373, 40 S. Ct. 172, 64 L. Ed. 314.

In Dozier v. State of Alabama, 218 U. S. 124, 30 S. Ct. 649, 650, 54 L. Ed. 965, 967,

---

[1] Ante, p. 320.

28 L. R. A. (N. S.) 264, reversing Dozier v. State, 154 Ala. 83, 46 So. 9, 129 Am. St. Rep. 51; the court said: "* * * It is true that the customer was not bound to take the frame unless he saw fit, and that the sale of it took place wholly within the state of Alabama, if a sale was made. But, as was hinted in Rearick v. Pennsylvania, 203 U. S. 507, 512, 51 L. Ed. 295, 297, 27 S. Ct. 159, what is commerce among the states is a question depending upon broader considerations than the existence of a technically binding contract, or the time and place where the title passed."

The subject of *doing business* in the state was defined by Judge Stone, saying the act must constitute "a doing of some of the works," or "an exercise of some of the functions, for which the corporation was created" to do. Beard v. Union & American Publishing Co., 71 Ala. 60, 62; Friedlander Bros., Inc., v. Deal, 218 Ala. 245, 249, 118 So. 508; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; Holman .v. Durham Buggy Co., 200 Ala. 556, 76 So. 914; 60 A. L. R. 996 note.

To constitute *doing business*, the acts done must be done in the *"exercise of corporate functions,"* and be distinguishable from acts *"done merely within corporate powers."* This distinction has been preserved by our decisions. Friedlander Bros., Inc., v. Deal, supra; International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517; Holman v. Durham Buggy Co., supra; Liberty Life Assur. Soc. v. Woodard, 219 Ala. 24, 26, 121 So. 30; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 157, 138 So. 834; Alabama Western Railroad Co. v. Talley-Bates Const. Co., 162 Ala. 396, 50 So. 341; Muller Manufacturing Co. v. First Nat. Bank of Dothan, 176 Ala. 229, 57 So. 762; Farmers' & Ginners' Cotton Oil Co. v. Baccus, 207 Ala. 75, 92 So. 4; State v. Anniston Rolling Mills, 125 Ala. 121, 27 So. 921.

The general authorities are collected in 14A C. J. p. 1374, on the question of the presence in the state of *an agent* and the presence in that state of the *foreign corporation* itself, in such sense as that it may be brought into court by service of process on such *an agent* or officer temporarily therein. The rule applied by this court finds statement in the last-cited authorities and in the federal decisions. James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 71 L. Ed. 569, 573; Rosenberg Brothers & Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; Bank of America v. Whitney Central National Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; Lumiere v. Wilder, 261 U. S. 174, 43 S. Ct. 312, 67 L. Ed. 596. See, also, our cases Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L. R. A. 543; Haas-Phillips Produce Co. v. Lee & Edwards, 205 Ala. 137, 87 So. 200; Burch v. Ingham Lumber Co., 212 Ala. 204, 102 So. 19; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., supra.

It will be observed that the validity of service upon an agent of a foreign' corporation within the state depends upon whether the corporation was (1) doing business by an agent in the exercise of its *corporate functions;* (2) at the *time* suit was perfected by the service made; and (3) it is not to be tested by the time the process issued or was delivered to the sheriff, but at the time he served that process the corporation was doing business, an essential to service of process in the case. Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352 (3), 98 So. 119; Abraham Bros. v. Southern Ry. Co., 149 Ala. 547, 42 So. 837; Sullivan v. Sullivan Timber Co., supra; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 157, 138 So. 834; General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; Friedlander Bros., Inc., v. Deal, 218 Ala. 245, 249, 118 So. 508; Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634, 641; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Bank of America v. Whitney Central National Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594. The authorities on subsidiary systems are collected in the note, 67 L. Ed. 596, of the United States Supreme Court Reports.

We *do not pass* on a waiver of the special pleas in abatement to the jurisdiction, due to the fact that appellant filed a motion to compel answers to interrogatories which had been propounded to appellees (replications No. 1). The appellant in its motion, limited the appearance as to its motion as follows: "Comes the defendant, Ford Motor Company, and appearing specially for the sole purpose of filing this its motion, and shows unto the court that the defendant filed interrogatories unto the plaintiff(s)." The ruling of the court was in favor of the appellant, and, in the absence of cross-appeal and assignment of errors, we say nothing further on this question. Holdsombeck v. Fancher, 112 Ala. 469, 20 So. 519; Colvin v. Payne, 218 Ala. 341, 118 So. 578; Columbia Motors Co. v. Williams, 209 Ala. 640, 96 So. 900; Roach v. Olive, 208 Ala. 612, 95 So. 23; Benson Hardware Co. v. Roberts, 202 Ala. 268, 80 So. 106; Barnett v. Freeman, 197 Ala. 142, 72 So. 395.

We have carefully considered the evidence and arguments pro and con, on the special pleas in abatement presenting the question of jurisdiction, and are of opinion that the pleas

as amended should have been sustained by the court. The judgments are reversed, and the cases are each remanded on the appeal of the Ford Motor Company. The costs are taxed against the appellees.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

