170 So. 333

**PARKER v. CENTRAL OF GEORGIA RY. CO.**

**3 Div. 181.**

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

Further Rehearing Denied Oct. 29, 1936.

[1] Ante, p. 138.

George Ross, of Bessemer, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

FOSTER, Justice.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the death of plaintiff's intestate engaged in interstate commerce, and which occurred in Talladega county, Ala., November 21, 1932.

It was tried on issues made by a plea in abatement and replication to it. The facts pertaining to that issue were agreed on.

The agreed facts were: That defendant was a foreign corporation organized under the laws of Georgia. That prior to November 21, 1932, it had filed with the Secretary of State an instrument required by section 7209, Code, and section 232, Constitution, designating Montgomery as its known place of business in Alabama, and an authorized agent there residing. That it had not prior to the institution of this suit filed any instrument abandoning or changing the place of business or in any way amending the said designation of its place of business and appointment of its agent. That on and not before December 19, 1932, a receiver of defendant's property and operations was appointed by a United States District Court of Georgia, and that on January 6, 1933, an ancillary receiver was appointed by the United States District Court at Montgomery. That since such receivership all the assets and properties of defendant have been in the exclusive custody, control, management, and possession of said receiver, and all its railroad and business have been operated, possessed, and controlled exclusively by the receiver, and defendant as such corporation has not exercised any corporate functions or done any business of any kind by agent or otherwise in any county in the state, but its business has been operated and conducted by said receiver. That it has not paid, or been required to pay to the state or any subdivision, any franchise or license tax or fee for a permit or other fee as a foreign corporation.

Appellee contends: (1) That it was not doing business in Montgomery county, and so not subject to suit there under section

232, Constitution, and section 7209, Code; and (2) that the courts of Alabama have no fundamental jurisdiction over appellee under the Fourteenth Amendment, because appellee was not doing business in Alabama when the suit was begun.

We notice that appellee does not raise any question as to the sufficiency of the service to justify a personal judgment. Indeed, counsel in brief for appellee, for the purpose of this appeal, concede that the service was effected. We will treat those contentions in the order as made by appellee.

■ Does section 232, Constitution, prohibit suit against a foreign corporation, though personal service is effected, in every county in Alabama, including that designated by the certificate required by the Constitution, and by section 7209, Code, after it has ceased to do business in Alabama? We think not. It prohibits a foreign corporation from doing business in Alabama without complying with its provisions, and then declares that such corporation may be sued in any county where it does business by agent. This court has held that when such corporation has thus designated a place and an agent residing there, section 232, Constitution, prohibits suits against it in counties where it is not doing business. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; Tennessee Valley Oil & Gas Co. v. Martin, 224 Ala. 348, 140 So. 429. But not so as to the county thus designated on a claim arising in Alabama while so doing business. As to such claim it cannot deny that it was doing business in that county or that the agent was authorized to receive service, when the suit was begun, as we will show.

It has also been held that a foreign corporation may be sued in any county in Alabama where personal service may be had if it has not designated a known place of business and an agent for service. St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834, 838.

It is clear, therefore, that appellee's first contention is not in accord with our construction of section 232, Constitution.

The next contention is that it would not accord appellee due process under the Fourteenth Amendment of the Federal Constitution to sustain a suit in Alabama against a foreign corporation which is not engaged in transacting business in Alabama, at the time suit is begun, though the cause of action arose in Alabama, while it was so engaged and after it had designated a known place of business in Alabama, and an authorized agent residing there.

■ Undoubtedly, the general rule is that if there is personal service on a defendant, regardless of his residence, on a cause of action which arose in the state where suit is begun and service perfected, and the complaint states a cause of action within the general jurisdiction of the court, it may proceed to a final determination. Goodman v. Winter, 64 Ala. 410, 431, 38 Am.Rep. 13; Ex parte Maxwell, 37 Ala. 362, 79 Am.Dec. 62; Central R. & Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339. We said in St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., supra: "Since the decision of the Supreme Court of the United States in the case of St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222, reaffirmed in Conn. Mutual Life Ins. Co. v. Spratley, 172 U.S. 602, 19 S.Ct. 308, 43 L.Ed. 569, the law has been settled that a nonresident corporation, like a nonresident individual, is suable in any state where it may be personally served with process, if the state court has jurisdiction of the subject-matter of the suit."

In many cases there has been a discussion of the meaning of the Constitution and statute prohibiting doing business in Alabama by a foreign corporation without complying with its provisions. Many of them are in connection with the validity of its transactions without such compliance. Others relate to the effect of service on an agent of such a corporation which has not a designated place and an agent there residing; and when the question was whether such agent not so designated was duly authorized to receive service dependent upon whether he was transacting the business of defendant in such sort in Alabama, to sustain such authority.

We have not held, nor has any other court so far as we know, that if there is effectual personal service on a foreign corporation in Alabama, the court was without power to render a judgment because defendant was a foreign corporation not doing business in Alabama, if the cause of action arose in Alabama.

Confusion has arisen from expressions in some of the cases to the effect that to justify service on an agent of such corporation in Alabama, the corporation must be

doing business here. But such expressions were made in all cases in connection with a discussion of whether the agent was duly authorized to receive service to be personal on the foreign corporation. In none of them was it necessary when the agent was otherwise duly authorized to receive personal service that the foreign corporation shall be doing business in Alabama when sued on a cause of action which arose in Alabama. And it is immaterial whether the cause of action arose in Alabama or not under section 5691, Code, if the agent who was served was when served duly authorized to receive service as to that action. If he was the agent designated by section 7209, Code, and the cause arose in Alabama, before it withdrew from the state, it is sufficient; but if the agent was duly authorized to be served in Alabama, the court has jurisdiction regardless of where or when it arose.

In Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119, 122, the question was whether Cowin on whom service was had was such an agent as that in that suit, and on that cause of action it was effectual to be due process in a personal transitory claim which arose outside the state of Alabama. Cowin had been designated the statutory agent under section 7209, Code, and his authority had not been withdrawn, but defendant was not doing business in the state when suit was filed. It was there said that by so doing, defendant "impliedly submitted itself to the jurisdiction of the courts of this state upon the service of process upon its designated agent and, in effect, admitted doing business in the place designated as essential to the venue of an action against it, and it was therefore suable and subject to the service of process at the place and upon the agent so named upon all causes of action arising in this state until it filed a new declaration of abandonment or change as required by said above-quoted provision. This implied assent, however, is confined to transactions or causes of action arising in this state and not those arising in other states. Simon v. So. R. R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Association v. McDonough, 204 U.S. 8, 27 S. Ct. 236, 51 L.Ed. 345; N. Y. R. R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292."

It was held that the statutory designation applied only to causes of action arising in Alabama, and not elsewhere (as held in Central R. & Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339), and since that suit did not arise in Alabama, it was not suable in Alabama by serving such statutory agent, unless it was otherwise shown to be personally present in Alabama, by transacting business here. The designation of the agent only admitted its presence and his authority in respect to suits arising here, and his authority did not by such designation alone otherwise extend. So that the designation did not justify a personal judgment without other evidence.

In 45 A.L.R. 1447, it is said: "By the great weight of authority, if a statute requires as a condition precedent to the doing of business in the state by a foreign corporation that it shall designate an agent in the state on whom process may be served in actions against it, the withdrawal of the corporation from the state does not revoke the authority of the agent to receive service in an action on a liability arising in the state out of business done by the foreign corporation therein." But it is said, on page 1454, that since the statute was for the benefit of persons dealing with the corporation during the time when it was authorized to do business in the state, the authority of the designated agent continues after withdrawal of the corporation from the state only in favor of those for whose benefit the statute was made. This rule seems to be fully recognized. 12 R.C.L. 113, § 89; 21 R.C.L. 1344, § 94; 14-a Corpus Juris, 1377.

In Gaboury v. Central Vermont Railway Co., 250 N.Y. 233, 165 N.E. 275, 276, it was said that a foreign corporation to be subject to service must have so acted as to have subjected itself to the jurisdiction of the state. It does so when it is doing business in the state. But not so if it is no longer doing business, subject to an exception that "if the cause of action is so related to business previously done as to make it unjust or unreasonable to counteract the earlier submission by nonuser or withdrawal." The summons was served in that case on a director of the company residing in New York on a cause which arose in Vermont. The suit was begun after the railroad was put in receivership, and was then being so operated. The service was not on a designated agent on a cause of action which arose before withdrawal from the state. But it was on a director residing in New York and the corporation was not transacting any business there by him as.

its agent or officer. Not being on any business of the company, it was not in the scope of his authority to receive service.

In Mutual Reserve Fund L. Ass'n v. Phelps, 190 U.S. 147, 23 S.Ct. 707, 709, 47 L.Ed. 987, cited by Judge Cardozo to sustain his exception to the rule noted above, the court was dealing with a Kentucky statute by which a foreign corporation must consent that service upon any agent of the company in that state or the commissioner of insurance shall be a ·valid service upon the company. The Kentucky court had pointed out that there was no express limitation, and any limitation must be supplied by implication, and held that as to contracts made in the state there was no implied limitation. The United States court approved the construction, holding such statutes to mean that "foreign corporations engaging in business within its limits shall submit to controversies growing out of that business to its courts." The principle is emphasized, but differentiated, in Provident Sav. L. Assur. Soc. v. Kentucky, 239 U.S. 103, 36 S.Ct. 34, 60 L.Ed. 167, L.R.A.1916C, 572, and in Hunter v. Mutual Reserve L. Ins. Co., 218 U.S. 573, 31 S.Ct. 127, 54 L. Ed. 1155, 30 L.R.A.(N.S.) 686.

It seems that Louisiana and Montana are the only states which have adopted a different rule. 45 A.L.R. 1456.

In Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710, the court said that "a foreign corporation is amenable to process to enforce a personal liability, *in the absence of consent,* only if it is doing business within the state * * * [so] that it is [personally] present there." The summons was served on defendant's president as he was passing through the state on personal business. So that unless defendant was otherwise engaged in business in the state there was no personal service.

In Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, it does not appear that the agent served with process had been so designated under section 7209, Code. The agent served was incidentally passing through the state. The question was whether service could be had on him. The opinion followed the McKibbin Case, supra, and was similar to it. There was no consent that a certain named person be an authorized agent. That case was in line with others through the country.

In Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4, the question was whether the service was personal and provided due process under the Fourteenth Amendment. The court held that after defendant had withdrawn the authority of its agent and ceased to do business in Alabama, it could not be bound personally either by service on such agent or the Secretary of State. The question was not whether there was any fundamental want of jurisdiction because not doing business in Alabama, when duly served, but whether there was due and effectual personal service.

Such is not the question we are dealing with. Personal service here is not denied. The principle declared in that case must be considered in the light of the question before the court. There was no consideration given to the exception of the general rule there declared, because the record did not show a case for its operation. We have examined the original record and find neither the complaint nor the motion or pleas in abatement showed that the contract was made in Alabama, or that it was after the defendant had qualified by designating the agent who was served.

That case followed the general principle, since there was no occasion to refer to the exception. We find in none of our cases a holding that a foreign corporation cannot be sued in Alabama on a claim which arose here, when effectually served here on its designated agent, though it is not engaged in business here when sued. And it is not so held in most other states.

Whatever may be the effect of the receivership otherwise, it does not ipso facto destroy the authority of the designated agent to receive service of process on causes which arose in Alabama before the receiver was appointed. The appointment of a receiver is no bar to a suit against the wrongdoer if service is duly perfected. Ohio & Miss. Ry. Co. v. Nickless, 71 Ind. 271; High on Receivers, § 397, pp. 552, 554, 555, note 71; 51 Corpus Juris, 963, note 96.

Section 56 of 45 U.S.C.A. provides that: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, *or in which the cause of action arose,* or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States * * * shall be concurrent with that of the courts of the several States." 45 U.S.C.A. p. 531.

We have then personal service and jurisdiction of the subject-matter in the circuit court of Montgomery county. Nothing else is lacking for due process or any other constitutional requirement.

The original opinion has been withdrawn, and this opinion substituted for it.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, BROWN, and KNIGHT, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

BOULDIN, Justice (concurring).

I am in accord with the opinion written by Mr. Justice FOSTER as applied to cases where no receivership has intervened.

Manifestly section 232 of the Constitution, requiring foreign corporations, as a condition precedent to doing business in this state, to have a known place of business and an authorized agent thereat, and section 7209 of the Code, making these facts matters of record, are primarily for the purpose of subjecting such corporation to the jurisdiction of our courts for the adjudication of legal rights and liabilities arising in the conduct of its business in this state. All our decisions recognize this major purpose.

This purpose would fail in much if such corporation can, at pleasure, suddenly cease to do business in Alabama, ending all authority of agents here; its property meantime being placed beyond the reach of process in rem.

Logically the act of entering this state on the terms stated implies a consent that its designated agent shall receive service of all process in cases arising from the conduct of its business here; that, for such purpose, the corporation is still here, although it has ceased to do the business that brought it here.

The notion that in such cases the citizen of Alabama must seek redress at the domicile of the corporation is out of keeping with the purposes of section 232. Moreover, what claim would Alabama or her citizens have upon a sister state under the rule of comity in such case? It could well be said that Alabama and not the state of the domicile has brought the corporate activities into Alabama, that Alabama has reaped the benefits thereof, that the sister state and her taxpayers should not assume the burden of adjudicating the claims of Alabama citizens arising in the conduct of the Alabama business, especially when Alabama has, by her own laws, closed the doors of her courts against such actions.

The law, as stated by Justice FOSTER, and well sustained by authority in other states, I think should now be declared the law of Alabama, although it seems to me expressions in some of our former decisions, cited by Mr. Justice GARDNER, are not in harmony with these views, and should be modified.

But I am convinced that the fact of a receivership and the order of the court copied in the original opinion are not to be ignored in dealing with this case.

Under this record the federal courts have taken jurisdiction of the res, the possession, and operation of the railroad through a receiver. The adjustment and allowance of existing liabilities of the corporation is drawn within the jurisdiction of that court. To this end that court has decreed that the receiver shall defend all actions pending at the time of his appointment, and all actions *thereafter brought against the corporation.* This includes the action here involved.

Courts of equity having jurisdiction of the res, and proceeding through receivership, as a rule, do not undertake to adjudicate claims arising in tort, but await an adjudication by the law court. But the court, through its receiver, conducts the defense through the law court.

In case the corporation is wholly insolvent, neither management nor stockholders having any interests to conserve, the court can have no assurance that anything will be done by the corporation toward defending the action. Other creditors of the corporation are directly concerned with the character and amount of liabilities charged against the res. They properly look to the court to protect them. This the court does through its receiver. Since he is the party to defend the suit brought against the corporation, he is the party to whom notice of the suit should go.

In my opinion, considering all the principles involved, the order of the court directing the receiver to defend this action constitutes him the law-made agent to receive service on behalf of the defendant corporation. The state court having jurisdiction of the subject-matter, and of a representative of all interests adverse to plaintiff, may, in my opinion, proceed regardless of any question of continued corporate business in Alabama.

I do not mean to say that where service can and is regularly had on the corporation through an agent authorized by law to receive service, the corporation may not defend the suit, and the receiver join in the defense as he may be advised; but I am insisting that in case the designated agent be dead or has removed, and the corporation has, in fact, no agent in Alabama, still the court having jurisdiction of the receivership is fully empowered to direct its receiver to defend such suits, and thus furnish a law-made agent to receive service and adjudicate the liability as a charge against the assets in receivership. In all such cases the receiver has authority to defend in the interests of other claimants as well as of defendant corporation.

GARDNER, Justice (dissenting).

This cause was originally assigned to the writer, and an opinion prepared which failed to meet the approval of the court when considered in consultation, but the opinion by Mr. Justice BOULDIN was accepted in lieu thereof. The writer, stating briefly his views, contrary to the prevailing opinion, concluded not to dissent, yielding his views in a specially concurring opinion. But upon a reconsideration of the question, the writer has concluded that, as the majority opinion is so contrary to the rule of law as he understands it, and out of harmony with expressions of our own cases, as well as the well-considered opinion of the Court of Appeals of New York, hereinafter noted, and the logic of the situation as well, a dissent more properly expresses his conviction, and he therefore withdraws the special concurrence heretofore entered. The opinion originally prepared, therefore, is herein set out as expressive of his dissenting views, and is as follows:

This is a personal action, under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.), against the defendant railway company, and the result of the appeal turns upon the question of the correctness of the trial court's ruling relating to the pleas in abatement interposed and held sustained by the agreed statement of facts.

The accident occurred November 21, 1932, in the county of Talladega. On December 19, 1932, a receiver for defendant railway company was appointed by the federal court, and since that date all the assets and properties of defendant in Alabama and elsewhere have been in the exclusive custody, control, management, and posses-sion of said receiver, and defendant's railroad and business have been operated, possessed, and controlled exclusively by said receiver. The agreed statement of facts further shows that since said date "the defendant Central of Georgia Railway Company, as a corporation, has not exercised any corporate functions or done any business of any kind by agent or otherwise in any county in the state of Alabama, and in fact has done no business in any place, but its railroad and business have been operated and conducted only by the said receiver under and by virtue of the said decrees."

Defendant is a foreign corporation, and on and prior to the date of the accident, and until December 19, 1932, was doing business in Alabama as a foreign corporation, and had complied with the statute (section 7209, Code 1923), enacted as a complement to section 232 of our Constitution, by filing with the Secretary of State an instrument in writing designating the city and county of Montgomery as its known place of business, and naming its authorized agent residing thereat. There has been no withdrawal or amendment or any action taken by defendant with reference to said instrument filed with the Secretary of State.

Appellant's counsel lay some stress upon this latter fact, and note a conflict of the authorities as to whether or not effective service may be had on an agent of the corporation, though in receivership (note, 9 A. L.R. 228; 14-a Corpus Juris, 978), and also those authorities holding that under certain conditions suit may be maintained against the corporation, notwithstanding the appointment of a receiver (14-a Corpus Juris, 985; note, 8 A.L.R. 441), and that such appointment did not dissolve the corporation. State v. Bradley, 207 Ala. 677, 93 So. 595, 26 A.L.R. 421.

There is argument also to the effect defendant was subject to franchise tax as a foreign corporation, notwithstanding the receivership.

All of these questions we may leave to one side and undetermined, for the reason we entertain the view the lower court's ruling is well sustained upon the broad and fundamental ground that defendant, a foreign corporation, was not engaged in business in this state when the suit was instituted.

Our decisions are to the effect that section 232 of our Constitution is self-execut-

ing and restrictive in its operation. The Sullivan Case, 103 Ala. 371, 15 ·So. 941, 943, 25 L.R.A. 543, was to the effect that the doing of business in the state by such foreign corporation at the time of the service was the essential fact rendering it liable to a personal action; the court saying: "But it must be observed that the essential fact upon which the liability to suit in other counties depends is that it 'does business' in such counties; as the essential fact rendering it liable to a personal action in the courts of the state prior to the constitution was that it was doing business within the state." See, also, Philadelphia & Reading Railway Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537; Consolidated Textile Corporation v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047.

The Sullivan Case, supra, was re-affirmed in General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; and the cases of Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, 605, and Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4, 6, are to like effect.

In the Ford Motor Company Case, supra, is found the approved definition of "doing business" to the effect that the act must constitute "a doing of some of the works," and "an exercise of some of the functions for which the corporation was created" to do. "To constitute *doing business,* the acts done must be done in the *'exercise of corporate functions,'* and be distinguishable from acts *'done merely within corporate powers.'"*

And in Cowikee Mills Case, supra (here much in point), Lewis v. International Insurance Co., 198 Ala. 411, 73 So. 629 (cited by appellant), is distinguished, and it was clearly pointed out that the Lewis Case dealt with a statute peculiarly applicable to insurance companies, and not to foreign corporations generally.

Appellant's counsel distinguish their case from that of Cowikee Mills, supra, upon the point that in the latter the foreign corporation not only ceased to do business in the state, but had filed in the office of the Secretary of State its declaration of withdrawal from the state, while in the instant case no such action was taken.

But we find no requirement in the statute (section 7209, supra) for the filing of any withdrawal declaration upon the foreign corporation ceasing to do business in the state. The language there clearly has reference to a change of the location of its principal place of business in the state, or change as to the designated agent. Nothing is said as to the matter of withdrawal from the state and any requirement in that regard.

Argument to the contrary would render the statute somewhat similar in effect to our statutory provision as to foreign insurance companies dealt with in Lewis v. International Insurance Company, supra, and wherein it was specifically noted that no similar statute existed as to corporations generally, which we considered a matter worthy of legislative consideration. The Lewis Case clearly discloses that we interpreted the present statute then as we do now, though as a matter of precaution it seems the corporation did file a withdrawal declaration.

Appellant is of the impression a different interpretation was given section 7209 of the Code in Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119; but we do not read that opinion to that effect. That case involved litigation between two foreign corporations as a cause of action arising outside the state, and the holding was that the above cited statute had no application, but was confined in its operation and effect to actions arising in Alabama. In discussing the statute as to these latter instances, the opinion merely refers to the language of the statute, and makes no reference to a withdrawal from the state and any necessity to file a declaration to that effect.

It would appear, therefore, that our cases are in harmony upon the matter of construction of the statute to the effect no declaration of withdrawal is therein required. In the Jefferson Island Salt Company Case, supra, the matter of doing business in the state was a question of fact.

But there is here no question of fact to be ascertained. The agreed statement of facts sets that matter at rest, and is directly to the effect that defendant was not so engaged in business in this state. Its property of every character was in possession of the receiver, by whom the business was being operated.

As to the receivership, this court, in Atlanta, Birmingham & Atlantic R. Co. v. McGill, 194 Ala. 186, 69 So. 874, approvingly quoted Mr. High in his work on Receiv-

ers to the effect that the "receiver's possession is not the possession of the corporation, which cannot control either the receiver or his employees," and the opinion contains the further statement, a self-evident fact we may add, that the "corporation was not operating the road, * * * but it was then being operated by the federal court through its receiver."

The effect of receiverships, so involving questions of this character, was stated by the New York Court of Appeals in Gaboury v. Central Vermont R. Co., 250 N.Y. 233, 165 N.E. 275, 277, in an opinion by Justice Cardozo. The court observed:

"Broadly speaking, * * * submission to the jurisdiction is dependent upon presence within the state, and presence within the state imports the use of corporate power by corporate representatives. * * *

"At the time of the service, the defendant, though not dissolved, was not acting as a corporation within the limits of this state. The director who received the summons did not represent it in this state in any of its corporate functions, nor was he here in that behalf. * * * On the contrary, an order had been made whereby he was forbidden to interfere with the receivers who had supplanted him and his associates in the transaction of its business. The possession and control of the receivers constituted * * * an ouster of corporate management and control, with the accompanying advantages and privileges.' * * * The director was no longer an embodiment or symbol of the corporate personality, any more than he would have been if shorn of his title as well as of his power."

The holding was that the receivers were operating the business of the road as principals, and not as agents of the corporation, and that so far as the state of New York was concerned, the situation was the same as if the company had withdrawn from the state or transferred the business to another.

We conclude that such was also the effect of the receivership in the instant case, and that the defendant was not doing business in Alabama when this suit was instituted, but that the corporate management had been ousted and the business conducted entirely by the receiver, who operates the road as principal and not as defendant's agent.

In this state, as in New York, submission to the jurisdiction is dependent upon presence within the state (Cowikee Mills v. Georgia-Alabama Power Co., supra; Ga-

boury v. Central Vermont R. Co., supra), and, as held in the latter case, presence within the state imports the use of corporate power by corporate representatives. If the reasoning of the New York court is sound (and we are so persuaded), the Gaboury Case, supra, clearly demonstrates that the complete possession, control, and operation of defendant's property by the receiver had in fact constituted an ouster of corporate management and control, with the logical result that the defendant was not doing business in this state, though undissolved and its properties situate here. Sullivan's Case, supra. This constitutes, in our opinion, a full answer to appellant's argument.

We think, therefore, the conclusion is inescapable from the agreed facts stated, that this defendant was not doing business in Alabama, and therefore not subject to suit in this State. This essential fact lacking, the abatement pleas were therefore properly held sustained by the proof, and the judgment for defendant correctly entered in the court below.

The argument to the contrary, as we view it, rests in its essence upon the matter of inconvenience placed upon plaintiff to bring suit at the domicile of defendant, rather than here. But like inconvenience was also present in the Cowikee Case, supra, and in all others where the holding was that the foreign corporation was not doing business in this state, and therefore not here subject to suit. Here, confessedly, defendant is not doing business in this state, and the logic of all the cases leads to the one conclusion that it is not subject to suit, and the matter of inconvenience involved is but an incident. Such was the line of reasoning of the New York Court of Appeals in the Gaboury Case, supra, which appears to us entirely sound.

Since the foregoing was written, the cause was again considered, with the result that the original opinion by Mr. Justice BOULDIN was withdrawn and the opinion by Mr. Justice FOSTER was substituted therefor, which now becomes the opinion of the court.

This latter opinion rests the result of reversal upon an entirely different theory, which I have carefully considered. But I am persuaded such result is reached by overturning the long established interpretation of our statute, as disclosed in numerous decisions. In Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, 605, is the

following expression, which we think will in substance be found in all of our decisions on the subject, from the earliest to the present time, to wit: "Whether the corporation was doing business within the state, and whether the person served was an authorized agent, are questions vital to the jurisdiction of the court." ·

And in Lewis v. International Ins. Co., 198 Ala. 411, 73 So. 629, and Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4, 6, the court took the pains to point out the difference in the statute as applicable to insurance companies involved in the Lewis Case, and the statute in reference to corporations generally involved in the Cowikee Mills Case. The former has language upon which the consent of the corporation to suit notwithstanding its withdrawal may be rested. But the latter statute has no such language, and the inadequacy of such statutes was referred to by the Supreme Court of the United States in Mutual Reserve Fund Life Ass'n v. Phelps, 190 U.S. 147, 158, 23 S.Ct. 707, 47 L.Ed. 987, quotations from which may be found set out in the Cowikee Mills Case.

The present prevailing opinion now interprets this latter statute as to corporations generally as having the same effect as the statute in reference to insurance companies, and in effect obliterates all distinction between the two. But we have too long adhered to the construction as given in the Ford Case, supra, and the statute re-enacted without substantial change. And I think it may be safely said that the bench and bar of this state have accepted this as the settled construction of this statute.

In St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834, 839, the writer of the opinion carefully pointed out the proof tending to show that the agent served with process was at that time engaged in business for defendant corporation, saying: "And he was engaged in and about the duties of his agency when served; that this service on said Hucke was authorized by the statute, and this service in connection with the fact that the defendant was doing business in Alabama constituted due process of law."

With so settled a construction of our statute, resort to other jurisdictions for construction of statutes of varying language is entirely unnecessary. Many of the cases noted in 45 A.L.R. p. 1447, will be found to have reference to statutes with language of similar import to that of our own concerning insurance companies, and are therefore not here in point. And we think it clear that the exception referred to in the Gaboury Case, supra, bore relation to such character of statute, as the citation of Mutual Reserve Fund Life Ass'n v. Phelps, supra, indicated.

But after all, as said in Frazier v. Steel & Tube Co., 101 W.Va. 327, 132 S.E. 723, 725, 45 A.L.R. 1442, the question "must depend upon a reasonable construction of the statute permitting foreign corporations to do business in the state and providing for service of process upon them." And the uniform construction of our statute, as found in all of our decisions, should not in my opinion at this late day be departed from.

The writer of the opinion in Cowikee Mills Case, supra (also the writer here), after making note of the provisions of the statute as to insurance companies, pointed out that no such provisions are found in our statute as to corporations generally, and added the following suggestion: "This may present a matter worthy of the consideration of the lawmaking body, but we are here concerned only with the statute as written." These observations are equally applicable now. The suggestion of any change in the statute passed without any legislative recognition of the matter, and the material distinction between the two statutes remains unaltered.

As indicated in the Cowikee Case, supra, I may confess a sympathy with the purpose of the majority, but I am firmly persuaded it is a matter for legislative consideration, and not the courts. The court is only concerned with the statute as written and as previously interpreted. But I forego further comment.

I think the judgment should stand affirmed, and respectfully dissent.

THOMAS, J., concurs in these views.

THOMAS, Justice, stating his views further, as follows:

It is a rule in the federal courts and in this jurisdiction, "that it is essential to the acquisition of jurisdiction in personam of a foreign corporation that it is present or is doing business in the state at the time of service of process." 14-a C.J. p. 1376, § 4083; Beard v. Union & American Publishing Company, 71 Ala. 60; Sullivan v.

Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517; Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603; Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 155, 138 So. 834.

As I understand, the federal rule, and that which obtains in this state jurisdiction in such matter and in the premises, is only obtained by the facts: (1) That the foreign corporation was doing business (doing some of the work or exercising some of the functions for which the corporation was formed) within the state at the time of service of process; and (2) that the person upon whom service was made was an authorized agent of that corporation. Ford Motor Co. v. Hall Auto Co., supra; Cowikee Mills v. Georgia-Alabama Power Co., supra.

The federal rule must prevail in such matter vital to jurisdiction and due process as to such foreign corporation. Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603. In Philadelphia & Reading R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 711, 712, the prerequisites for acquiring jurisdiction are thus well stated by Mr. Justice Brandeis: "A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state, the process will be valid only if served upon some authorized agent. St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, 488, Ann. Cas.1915B, 77. Whether the corporation was doing business within the state, and whether the person served was an authorized agent, are questions vital to the jurisdiction of the court. A decision of the lower court on either question, if duly challenged, is subject to review in this court; and the review extends to findings of fact as well as to conclusions of law. Herndon-Carter Co. v. James N. Norris, Son & Co., 224 U.S. 496, 56 L.Ed. 857, 32 S.Ct. 550; Wetmore v. Rymer, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682. The main question presented here is whether the plaintiff in error—defendant below—was doing business in New York." 243 U.S. 264, 37 S.Ct. 280, [61 L.Ed. at pages 711, 712.]

Such are the questions of fact presented by this record, which fail to show acquisition of jurisdiction by the process served.

It is my judgment that no fundamental jurisdiction was had over appellee under the Fourteenth Amendment, because appellee was not doing business in Alabama when the suit was begun. This fundamental requirement is not changed by the fact that the cause of action in Alabama accrued while it was so engaged and after it had designated a known place of business and an authorized agent in Alabama.